# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JOHN LEMONS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:12CV53 SNLJ |
| | ) | |
| ROD HARVEGROVE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 1152649), an inmate at Southeast Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $34.54. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $172.68, and an average monthly balance of $13.98. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $34.54, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is

undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 against Rod Harvegrove, Superintendent of the Dunklin County Jail. Plaintiff claims that while he was confined in the Dunklin County Jail, the Jail did not maintain a law library. Plaintiff alleges that he was being criminally prosecuted at that time and that he wanted to proceed pro se in his criminal proceedings. Plaintiff acknowledges, however, that he had a public defender assigned to represent him in his criminal action, but he blames ineffective assistance of his counsel, as well as the lack of law library, for the reason why he was charged and sentenced as a "chronic offender" under Missouri law. Plaintiff seeks both monetary and injunctive relief for the alleged unlawful violation of his First Amendment rights.

**Discussion**

It is well-settled that inmates have a constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821-22 (1977). In Bounds, the Supreme Court found this right of access "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Id. at 828.

The Bounds decision, however, cannot be read to require unfettered access to a law library by every inmate. As the Supreme Court noted, the right of access could be satisfied by providing prisoners with adequate law libraries or adequate assistance

from persons trained in the law. Bounds, 430 U.S. at 828. A prisoner whose access to the courts is otherwise protected is not deprived of a constitutional right, even if his access to a law library itself is restricted. Twyman v. Crisp, 584 F.2d 352, 357-58 (10th Cir. 1978). In short, "restricted access to the law library is not a per se denial of access to the courts." Id. at 357.

An inmate's right of access to the courts is fully protected if he is represented by counsel. Skelton v. Pri-Cor, Inc., 963 F.2d 100, 104 (6th Cir. 1991); Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984); Holt v. Pitts, 702 F.2d 639, 640 (6th Cir. 1983); United States v. Wilson, 690 F.2d 1267, 1271-72 (9th Cir. 1982); Pippins v. Adams County Jail, 851 F.Supp. 1228, 1234 (C.D. Ill. 1994); Wilson v. Karnes, Case No. 2:06CV392, 2009 WL 467566, *7 (S.D. Ohio Feb. 24, 2009). Plaintiff was represented by counsel in his criminal case. His right of access to the courts was therefore adequately protected, and his complaint is subject to dismissal under § 1915. See, e.g., Lloyd v. Corrections Corp. of America, 855 F.Supp. 221, 222 (W.D. Tenn. 1994); Smith v. Harvey County Jail, 889 F.Supp. 426, 431-32 (D.Kan. 1995).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $34.54 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 12th day of April, 2012.

/s/ Stephen N. Limbaugh, Jr.
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE